W. L. Mulford

*v.*

The State of Illinois.

*Opinion filed December 22, 1899.*

Practice—*rules of procedure must be strictly adhered to.* This Commission is a Court governed by the statute and the rules of procedure heretofore adopted for the trial of cases before the Commission. It is necessary that claimant comply strictly with the law and rules of the Commission. For failure to comply with the law and rules of Commission as to taking and filing proofs in support of claim and filing abstracts and arguments, claim will be rejected.

This is a claim filed by the claimant, W. L. Mulford, against the State of Illinois for a balance of seventy-two dollars and twenty-two cents alleged to be due him for labor performed on the Illinois and Michigan canal by order of the superintendent of said canal. The time when the services were performed does not appear from the claim.

The claim was filed May 24, 1898, but no proofs or evidence other than the sworn claim of the party has been filed.

On September 16, 1898, the State by E. C. Akin filed a motion to dismiss on two grounds: First, that the claim was not filed three months prior to the meeting of the Commission in August as required by the statute; and, second, because said claimant does not set forth when said claim accrued as required by the rules of the Commission.

The Commission, however, thought best not to dismiss but allowed the claim to stand on the docket until the present session, believing it to be no more than just that claimant have an opportunity to file proofs, and amend his claim, if desired; claimant, however, wholly neglected to do the same, and on November 28, 1899, the State by E. C. Akin, Attorney General, filed another motion to dismiss on the following grounds, viz:

First: The claimant has failed and neglected to take and file proofs in support of his claim, etc.

Second: Claimant has failed and neglected to make and file abstracts and arguments as required by Rules 11 and 12 of this Commission.

Third: Upon the grounds stated in the former motion filed September 16, 1898.

This Commission is as we have said before a court governed by the statute and the rules of proceedure adopted heretofore for the trial of cases before the same; it is essential and necessary that any one desiring an adjudication of his claim by the Commission, that he comply strictly with the law and the rules of the Commission; and as the claimant in this case has wholly neglected to do so we are compelled to dismiss his claim without inquiry into the merits of the same. For the reasons above stated the Commission unanimously agree to dismiss the claim.